# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

RAY D. WOLFE,                )
                             )
    Plaintiff,           )    Case No. 08-05087-CV-SW-DGK
                             )
v.                           )
                             )
CITY OF AURORA, et al.,      )
                             )
    Defendants.          )

## ORDER

Pending before the Court are the parties' fully-briefed cross motions for summary judgment. Docs. 37-42. For the reasons discussed herein, the Plaintiff's Motion is DENIED and the Defendants' Motion is GRANTED IN PART AND DENIED IN PART.

## Background

On September 2, 2008, the Plaintiff, proceeding pro se, filed suit against the City of Aurora, Missouri, Rick Batson, Benjamin Ramsey, Sara Williams, Robert E. George,[1] and the Federal Bureau of Investigation[2] alleging violations of 42 U.S.C. §§ 1983,[3] 1985, intentional infliction of emotional distress ("IIED") and defamation. Doc. 1.

The Court gives the following summary of the facts as alleged by the Plaintiff. This is not a statement of the undisputed material facts. The case arises out of a traffic stop on September 2, 2005. The Plaintiff alleges that he was stopped by Defendant Ramsey, an Aurora police officer. Defendant Ramsey issued the Plaintiff two citations, which the Plaintiff refused

---

[1] The Court dismissed all claims against Defendant George, the Lawrence County prosecuting attorney, pursuant to the doctrine of absolute prosecutorial immunity. Doc. 23, *Imbler v. Pachtman,* 424 U.S. 409, 430-31 n.33 (1976) (describing absolute immunity for prosecutorial functions).
[2] The Court dismissed all claims against the FBI for failure to state a claim, sovereign immunity, and failure to exhaust FTCA remedies. Doc. 23.
[3] Though Count I is denominated as "DEPRIVATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES" and makes no explicit reference to section 1983, the Court construes it as such. The Plaintiff makes reference to section 1983 elsewhere in his complaint, making his intentions clear.

to sign. Officer Ramsey told the Plaintiff that he would arrested if he refused to sign the citations, but the Plaintiff continued to refuse. Defendant Williams arrived at the scene as backup. Officer Ramsey then "assaulted [the Plaintiff] by spraying [him] with mase [sic], or pepper spray and then officer Ramsey tried to tackle [the Plaintiff]…" Doc. 1 at ¶ 12. The Plaintiff was handcuffed and Defendant Ramsey took his keys and wallet. Upon arrival at the police station, the officers were unable to remove the multiple sets of handcuffs used. They attempted to use bolt cutters and then a sawzall, which was successful. The Plaintiff was then fingerprinted and booked. Upon receiving his wallet back, the Plaintiff noticed that $35 was missing. Defendant Ramsey stated that it was the city's policy to arrest subjects who refused to sign their citations. The Plaintiff had abrasions on his wrists from the handcuffs. Upon returning to the location where his vehicle had been secured, city employee Terry Ash informed the Plaintiff that the officers had searched his vehicle and made comments about breaking the windows. In November 2005, Defendant George filed charges against the Plaintiff for assaulting an officer and resisting arrest. The Plaintiff contacted the FBI, which refused to investigate his allegations of corruption. The Plaintiff's claims against the City and Defendant Batson, the police chief, stem from his claims that Defendants Williams and Ramsey were improperly trained.

After a lengthy stay at the request of Defendant Ramsey pursuant to the War and National Defense Service Members Civil Relief Act, 50 App. U.S.C. §§ 522(b), this case was set for a jury trial commencing on July 5, 2011. Doc. 36. Dispositive motions were to be filed by November 29, 2010. *Id.*

**Standard**

Rule 56(a) allows for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears to burden of showing that there is no genuine dispute of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). The Court will consider the facts in the light most favorable to the non-moving party, giving it the "benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.,* 950 F.2d 566, 569 (8th Cir. 1981). In the face of a motion for summary judgment, the non-moving party cannot simply deny the movant's factual allegations, but rather must set forth specific facts showing a dispute of material fact. *Anderson,* 477 U.S. at 248. The presence of a "metaphysical doubt as to the material facts" is insufficient. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586. Local Rule 56.1(a) sets out the manner in which motions for summary judgment should be filed in this Court.

> "The suggestions in support of a motion for summary judgment shall begin with a concise statement of uncontroverted material facts. Each fact shall be set forth in a separately numbered paragraph. Each fact shall be supported by reference to where in the record the fact is established…Suggestions in opposition to a motion for summary judgment shall begin with a section that contains a concise listing of material facts as to which the party contends a genuine dispute exists…*All facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party.*"

Local Rule 56.1(a) (emphasis added).

Government officials are entitled to qualified immunity for their official duties "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The Court must determine whether the alleged facts state a violation and whether the right at issue was clearly established. *Pearson v. Callahan,* 129 S. Ct. 808, 818 (2009). The specific conduct

3

at issue does not have to have been previously held illegal, but "[t]he contours of the right must be sufficiently clear…[and that] in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton,* 483 U.S. 635, 639-40 (1987). Qualified immunity is not merely a defense, but immunity to suit. So if there is no alleged violation—or none that is clearly established—the case cannot proceed to trial. *Pearson,* 129 S. Ct. at 818 (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)).

## Discussion

### A. The Plaintiff's Motion For Summary Judgment Is Untimely

Rule 56(b) states that the time for filing a summary judgment motion may be set by local rule or court order. The Court's Amended Scheduling Order of July 19, 2010 ordered that discovery be completed by October 29 and "[a]ll dispositive motions, except those under Rule 12(h)(2) or (3)" be filed by November 29. Doc. 36. The Plaintiff served the Defendants with his Motion for summary judgment on December 7, 2010. Doc. 39. He requested neither an extension of time nor leave to file out of time and made no reference to or excuse for his tardiness in filing this Motion. The Plaintiff's Motion for summary judgment is therefore untimely and is DENIED.

### B. Statement Of Undisputed Material Facts For The Purposes Of The Defendants' Motion For Summary Judgment

On September 3, 2005,[4] the Plaintiff was driving a vehicle with Missouri license number 536ME4 in Aurora, Missouri. Doc. 37 at ¶ 1. Defendant Ramsey was on patrol when he noticed that the vehicle had expired license plates from February 2005 and initiated a traffic stop. *Id.* at ¶¶ 2-3. Defendant Ramsey issued the Plaintiff a citation for failure to register a motor vehicle in violation of Section 301.120 RSMo. *Id.* at ¶ 4. The Plaintiff initially refused to sign the citation

---

[4] The Court notes that this is different from the date of September 2 pled in the complaint. However, the Plaintiff did not specifically controvert this fact and it is therefore deemed admitted for the purposes of summary judgment.

and continued to refuse after being advised that signing was not an admission of guilt. *Id.* at ¶¶ 5-6. Subsequent to a physical altercation with Defendants Ramsey and Williams, the Plaintiff was handcuffed and transported to the Aurora Police Department. *Id.* at ¶ 9. The Plaintiff was then issued additional citations for resisting arrest and assault of a law enforcement officer. *Id.* at ¶¶ 11-12. After booking, the Plaintiff was released from custody. *Id.* at ¶ 13. Defendant Batson, the chief of police, had no direct involvement in the events at issue in this case. *Id.* at ¶ 14.

The preceding facts are deemed admitted for summary judgment purposes. The Plaintiff specifically controverted the following facts.

1. "Defendant Ramsey advised plaintiff that a refusal to sign the [initial] citation would result in plaintiff being placed under arrest for Failure to Register a Motor Vehicle, Section 301.020 RSMo. Booking and identification, and plaintiff refused to sign the citation." *Id.* at ¶ 7. The Plaintiff controverts this fact by referencing Defendant Ramsey's sworn statement, which states that his arrest was pursuant to a departmental policy of arresting subjects who refuse to sign citations. Doc. 37-1 at ¶ 7.

2. "Defendant Ramsey made a third request to plaintiff to sign the citation and upon plaintiff refusing to sign the citation, defendant Ramsey advised plaintiff that he would be placed under arrest." Doc. 37 at ¶ 7.[5] The Plaintiff controverts this fact along the same lines as the previous fact.

3. "Plaintiff was arrested for failing to register a motor vehicle, in accordance with section 301.020 RSMo." The Plaintiff controverts this fact along the same lines as the previous facts.

---
[5] Due to an apparent formatting error, two facts in a row are labeled "7."

## C. The Plaintiff's Federal Claims

### a. Wrongful Arrest

Based on the allegations in the Plaintiff's complaint, it seems that he is claiming four distinct constitutional injuries—wrongful arrest, excessive force, illegal search of his vehicle and the theft of his $35. The Court will address these issues in turn. Missouri law empowered the Defendants execute a warrantless arrest of the Plaintiff for failure to register. *See* Mo. Rev. Stat. § 544.216 ("Any sheriff or deputy sheriff, any member of the Missouri state highway patrol, and any county or municipal law enforcement officer in this state… may arrest on view, and without a warrant, any person the officer sees violating or who such officer has reasonable grounds to believe has violated *any law of this state, including a misdemeanor or infraction…*") (emphasis added). Failure to register is a class B misdemeanor, punishable by between 30 days and six months imprisonment. Mo. Rev. Stat. §§ 301.020(6), 557.021(3)(2)(b). *See also Atwater v. City of Lago Vista,* 532 U.S. 318, 354 (2001) (holding that officers are authorized…to make a custodial arrest *without* balancing costs and benefits or determining whether or not [the] arrest was in some sense necessary") (emphasis added). Accordingly, it is clear that the cited offense is an "arrestable offense" in Missouri. Furthermore, the undisputed material facts clearly establish that the arresting Defendants had reasonable grounds to believe that the Plaintiff had committed this offense. Specifically, the Plaintiff has not controverted that he was driving a vehicle with February 2005 tags in September 2005.

Since the underlying arrest was constitutional, this leaves only the Plaintiff's apparent claim that the Defendants' decision to effect that arrest for his refusal to sign the citation—or the policy that led them to that decision—is unconstitutional. The complaint repeatedly questions whether it is lawful to arrest someone for refusing to sign a citation. While there is no doubt

that the predicate offense was arrestable, the Court can certainly envision a situation in which the discretionary decision to arrest or not to arrest is made on an illegal basis, such as race or religion. But there is no suggestion that anything of the sort took place here. Furthermore, the Eighth Circuit has recognized the propriety of statutes allowing for arrest based on refusal to sign a citation. *Lawyer v. City of Council Bluffs,* 361 F.3d 1099, 1106 (8th Cir. 2004). There does not appear to be a constitutional violation regarding the decision and/or policy to arrest the Plaintiff for refusal to sign his citation. In the alternative, the Defendants are entitled to qualified immunity on this claim, because any such violation is far from clearly established.

      **b. Excessive Force**

The Plaintiff claims that the Defendants used excessive force in effecting his arrest and in handcuffing him. Use of force is a seizure and is governed by the Fourth Amendment. Determining whether force was excessive depends on whether the force was objectively reasonable given the circumstances. *Graham v. Connor,* 490 U.S. 386, 388 (1989). The Complaint portrays an encounter in which the Defendants sprayed the Plaintiff with mace and tackled him without provocation. The Defendants version is found in their police reports, which they incorporate by reference into their sworn affidavits. Defendant Ramsey asserts that after being told he would be arrested for refusing to sign the citation, the Plaintiff threw a drink at the officers and started towards them aggressively with clenched fists. Defendant Ramsey then sprayed him with pepper spray and the officers struggled briefly with the Plaintiff to get handcuffs on him. The Plaintiff's handcuffs had to be removed with a sawszall and his wrists were swollen afterwards. Defendant Williams's report corroborates this account. The Plaintiff has not specifically controverted this version of events for the purposes of summary judgment, and it is therefore deemed admitted under the Local Rules. The uncontroverted version of events

shows that the Defendants were defending themselves against a lawfully arrested subject and used no more force than necessary to effect arrest.  The Court finds no constitutional violation, as it is hard to imagine that any reasonable jury would find that the officers' actions unreasonable under the circumstances.  In the alternative, the officers' actions did not violate the Plaintiff's clearly established rights, and they are entitled to qualified immunity on these claims.  The Defendants are entitled to summary judgment on all excessive force claims.

### c. Search Of The Plaintiff's Truck

The Plaintiff claims that he was informed after his release that Defendants Ramsey and Williams had searched his truck and made comments about breaking the windows.  The police reports confirm that the officers conducted an inventory of the truck after the Plaintiff requested that it be towed from the scene.  Assuming that the tow truck driver was a city employee, as the complaint suggests, this was potentially a valid inventory search.  The police are allowed to conduct a warrantless inventory search of a vehicle in their lawful possession pursuant to their community caretaking functions.  *United States v. Rowland,* 341 F.3d 774, 779 (8th Cir. 2003) (citing *South Dakota v. Opperman,* 428 U.S. 362, 376 (1976)).  Such searches are valid in the interest of protecting the owner's property while in police custody and protecting officers from potentially dangerous items that would remain unknown without a search.  However, the Court finds that the record is not clear enough to show that this was a valid inventory search.  It is unknown whether the truck remained in police custody, thus necessitating an inventory.  The Complaint states that the tow driver was a city employee, but the Plaintiff's initial disclosures refer to him as an employee of "Jim Carr Oil."  Doc. 37-3.  Furthermore, to be a legal inventory search, it must have been conducted pursuant to a clear policy, whether written or unwritten. *Rowland,* 341 F.3d at 779-80.  The only reference to any such procedure is that Defendant

Ramsey's police report, which states that he assisted Officer Williams with an inventory "per department procedure." Doc. 31-1 at 10. While it is certainly possible that this was a valid inventory search, the Court cannot find that the record before it establishes that there is no genuine dispute of material fact on this point.

Regardless of the inventory search issue, in 2005, police officers were allowed to conduct a full search of the passenger compartment of a vehicle upon a lawful arrest of its occupants. *New York v. Belton,* 453 U.S. 454, 460 (1981). This rule has since been narrowed significantly by *Arizona v. Gant,* but not until 2009. 129 S. Ct. 1710 (2009). The undisputed facts show that the Plaintiff was the occupant of a motor vehicle at the time of his lawful arrest. The officers were entitled to search the passenger compartment of this motor vehicle and all containers found therein based on the state of Supreme Court law in 2005.[6] Therefore, The Plaintiff can therefore show no clearly-established constitutional violation related to the search of his truck. Any alleged comments made by officers about breaking the windows are irrelevant as they do not form the basis of a constitutional or statutory violation of the Plaintiff's rights.

### d. Alleged Theft Of Plaintiff's $35

The Plaintiff's complaint clearly alleges that the arresting officers stole $35 from his wallet. Doc. 1 at ¶ 24. The Defendants deny this in their Answer. Doc. 3 at ¶ 24. Defendant Ramsey's police report states that the Plaintiff had $3.61 on his person, but also that the Plaintiff disputed that amount. Doc. 37-1 at 10. This is the only reference the Court can find to this claim in the Defendants' summary judgment briefing and exhibits. The Defendants have not carried— or even attempted to carry—their burden to show that there is no genuine dispute on this issue. Nor can the Court find that qualified immunity applies, as theft has been clearly established as

---

[6] *Gant* also limited the search to evidence of the offense of arrest, but no such limitation was clearly in place in 2005. *Gant,* 129 S. Ct. at 1719.

improper for quite some time.[7] Even without considering the facts in the light most favorable to the Plaintiff, a more obvious genuine dispute of fact is hard to imagine. The Defendants are therefore not entitled to summary judgment on this claim. As this case moves forward, the Court would like the parties to remember that any "prevailing party" may be entitled to attorney's fees in a section 1983 action. 42 U.S.C. § 1988(b).

### D. Municipal And Supervisory Liability

Generally, section 1983 liability lies against the individual who has violated a plaintiff's rights, rather than the governmental entity or the individual's supervisors. *See Parrish v. Ball,* 594 F.3d 993, 1002 (8th Cir. 2010) (holding that "a supervisory officer is entitled to qualified immunity for a § 1983 failure to train action unless a reasonable supervisor would have known that his training program (or lack thereof) was likely to result in the specific constitutional violation at issue"); *Chism v. Curtner,* 619 F.3d 979, 983 (8th Cir. 2010) (holding that respondeat superior liability is not available in a 1983 action, but rather that "municipal liability arises only if there is an official municipality policy or custom underlying the injury"). The undisputed material facts establish that Defendant Batson had no direct involvement in any of the actions at issue. The Plaintiff pled that Defendant Batson failed to train the arresting officers properly, leading to the alleged violations of his rights. Doc. 1 at ¶ 25. The Defendants' Motion offers no substantive argument as to why the City and Defendant Batson are entitled to summary judgment, other than to say that there the underlying claims should be dismissed and that "a municipality may not be held vicariously liable for the unconstitutional acts of employees." For the reasons discussed previously, the general rule is not applicable in a failure to train case.

---

[7] The Court cautions the Defendants that its denial of summary judgment is on the basis of disputed facts and their failure to respond to this claim on summary judgment, *not* qualified immunity. Accordingly, an interlocutory appeal is not appropriate and this case will not be stayed for the Defendants to pursue one. *See Langford v. Norris,* 614 F.3d 445, 455 (8th Cir. 2010) (noting that the interlocutory appeal of a denial of qualified immunity "extends only to abstract issues of law") (internal quotations omitted).

Regarding municipal liability, the Court sees no reference in the Plaintiff's complaint to policy or custom that led to the remaining violations. This, coupled with the limited pleadings aimed directly at Defendant Batson, suggest that he and the City might be able to succeed on a motion for judgment on the pleadings. But whether summary judgment is proper is a fact issue, rather than an attack on the pleadings, and the City and Defendant Batson have not met their burden to show lack of a genuine issue of material fact as to the claims against them.

### E. The Plaintiff' State Claims

The Defendants offer no substantive argument in favor of summary judgment on the Plaintiff's state law defamation and IIED claims. Rather, the Defendants assert that the Court should decline to continue to exercise supplemental jurisdiction over these claims based on the assumption that the Court will dismiss all federal claims. This is not the case, as some federal claims remain pending at this point. No other statutory justification for declining to exercise supplemental jurisdiction is applicable to this case. 28 U.S.C. § 1367(c). The Plaintiff's state claims will therefore remain before the Court at this time.

## Conclusion

The Plaintiff's Motion for summary judgment is untimely and is DENIED. The Defendants have shown that there is no dispute of material fact and that they are entitled to judgment as a matter of law on some of the Plaintiff's federal claims. Specifically, the Court finds no constitutional violations related to the Plaintiff's underlying arrest, the force used in arresting him or the search of his truck. In the alternative, the Defendants are entitled to qualified immunity on those claims. A genuine dispute of material fact remains as to whether or not the arresting officers stole the Plaintiff's $35. If true—which the Court must assume it is for summary judgment—this would constitute a clearly established violation of the Plaintiff's rights.

The Defendants are therefore entitled to neither qualified immunity nor summary judgment on this claim. The Defendants have not carried their burden to obtain summary judgment for Defendant Batson or the City of Aurora, nor have they shown why the Plaintiff's state law claims should fail. Accordingly, the Defendants' Motion for summary judgment is GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED**

Dated: April 18, 2011            /s/ Greg Kays
                                                   GREG KAYS,
                                                   UNITED STATES DISTRICT JUDGE