IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| RAY D. WOLFE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-05087-CV-SW-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF AURORA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Defendants City of Aurora, Rick Batson, Benjamin Ramsey, and Sara Williams's "Supplemental Motion for Summary Judgment" (Doc. 56)[1]. Plaintiff Ray D. Wolfe opposes the motion and submits a "Motion to Object to Defendants' Supplemental Motion for Summary Judgment with Suggestions in Support" (Doc. 60). Additionally, Plaintiff has filed a "Motion to have an Honest Judge Assigned and have This Case Reevaluated with Suggestion in Support," (Doc. 58) which this Court construes as a motion to disqualify. For the reasons discussed herein, the Defendants' Motion is GRANTED and the Plaintiff's Motion is DENIED.

**Background**

On September 2, 2008, Plaintiff filed a claim against the City of Aurora, Missouri, Rick Batson, Benjamin Ramsey, Sara Williams, Robert E. George, and the Federal Bureau of Investigation alleging violations of 42 U.S.C. §§ 1983, 1985, intentional infliction of emotional distress, and defamation (Doc. 1). Specifically, Plaintiff has asserted claims for wrongful arrest, excessive force, illegal search, and theft of personal property. Since filing, the Court has

---

[1] On September 27, 2011, this Court granted Defendants City of Aurora, Rick Batson, Benjamin Ramsey, and Sara Williams's "Motion to File a Supplemental Motion for Summary Judgment Out of Time" (Doc. 45).

dismissed Defendants George and the Federal Bureau of Investigation. On April 18, 2011, this Court issued an Order granting Defendants' Motion for Summary Judgment on Plaintiff's claims for wrongful arrest, excessive force, and illegal search. Defendants have since filed a Supplemental Summary Judgment Motion seeking to dismiss Defendants Batson and the City of Aurora and the claim regarding the stolen $35. Arguing the Court cannot be fair, Plaintiff has also filed a Motion to Disqualify (Doc. 58).

The facts of this case have been summarized in the Court's prior orders (Docs. 23, 43). The following facts are relevant to the remaining claims and Defendants. On September 2, 2005, Plaintiff was stopped by Defendant Ramsey, an Aurora police officer. After asking to see Plaintiff's license and proof of insurance, Officer Ramsey issued two citations to the Plaintiff. Officer Ramsey asked Plaintiff to sign the citations, but he refused. Officer Ramsey told Plaintiff that he would be arrested if he did not comply. Plaintiff again refused to sign the citation. Officer Sara Williams was then called to the scene, and the officers used physical force and pepper spray to effectuate Plaintiff's arrest. Plaintiff was placed in multiple sets of handcuffs and his keys and wallets were removed by Officer Ramsey.

When the officers arrived at the station, Plaintiff was processed and booked before officers returned his keys and wallet containing $3.61. Plaintiff, however, contends he had $35 in his wallet from cashing a check earlier in the day and that it was stolen by the officers.

**Standard**

A motion for summary judgment should be granted if, after viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). The moving party bears the burden of

producing sufficient evidence to establish that there are no genuine issues of material fact for trial and that the movant is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, this Court must accord the non-moving party the benefit of every factual inference and resolve any doubts as to the facts or existence of any material fact against the moving party. *Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 582 (8th Cir. 2006) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)).

## Discussion

### A. Plaintiff's claims against Defendant Batson and the City of Aurora are dismissed.

Plaintiff asserts §1983 claims against Defendant Batson and the City of Aurora based upon improper training leading to his allegedly unlawful arrest. These claims must fail because Plaintiff's claim for unlawful arrest has already been dismissed.

In order to survive a motion for summary judgment under §1983, the plaintiff must raise a genuine issue of material fact as to whether the alleged unlawful conduct by the state actor deprived him of a constitutionally protected federal right. *Nauke v. City of Parke Hills*, 284 F.3d 923, 927 (8th Cir. 2002) (citing *Wade v. Goodwin*, 843 F. 2d 1150, 1551-52 (8th Cir. 1988)). Generally, §1983 liability lies against the individual who violated a plaintiff's rights. *See Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010). If individual liability is found on the underlying substantive claim, a supervisor or municipality may also be held liable for a failure to train. *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005). For a supervisor to be held liable, she must have known that the training program was likely to cause the specific constitutional violation at issue. *Parrish*, 594 F.3d at 1002. Likewise, a municipality may be held liable if the constitutional violation is the result of a certain policy or custom. *Chism v.*

3

*Curtner*, 619 F.3d 979, 983 (8th Cir. 2010).  Additionally, the plaintiff must show the supervisor or municipality's failure to train or supervise caused the injury.  *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005).

Here, Plaintiff contends that he was told by Officer Ramsey that it was the city's policy to arrest any subject who refused to sign a citation (Doc. 1 at ¶ 26).  Based on the theory that this improper training led to a violation of his constitutional rights, Plaintiff brought claims against the City of Aurora and Defendant Batson, the police chief (Doc. 1 at ¶ 25).  Plaintiff's claim for unlawful arrest, however, was dismissed by this Court (Doc. 43).  Because Plaintiff was cited for failure to register, the Court found the officers were empowered to make a warrantless arrest under Mo. Rev. Stat. § 544.216.  Thus, this Court has found that Plaintiff's arrest was constitutional, and Plaintiff has offered no additional evidence suggesting otherwise.  Without a valid claim for an unlawful arrest, Plaintiff cannot sustain a claim for improper training leading to an unlawful arrest.  Therefore, Plaintiff's claim against Defendants Aurora and Batson for improper training is dismissed.

### B. Plaintiff's theft claim is dismissed.

Plaintiff's claim for theft must also be dismissed because it lacks a constitutional basis and is barred by an adequate state remedy.  In Plaintiff's complaint, he states only that "When plaintiff Wolfe was given back his wallet and keys, plaintiff Wolfe noticed that $35.00 was missing.  Wolfe had just cashed a check earlier that day and knew the amount of money in his wallet.  These officers had stolen his money!"  Although Plaintiff does not state a cause of action based upon this alleged theft, the court has construed it as a federal claim for a violation of his constitutional rights and privileges.

4

However, intentional deprivation of property by an officer is not a constitutional violation and, moreover, it is barred by an adequate state law remedy. *See Ali v. Ramsdell*, 423 F.3d 810 (8th Cir. 2005) (upholding dismissal of plaintiff's constitutional claims that a police officer stole $4,920 because a state law conversion claim provided her with an adequate remedy); *see also Poole v. Cassaday*, No. 4:04CV01284, 2006 WL 389841, at *3 (E.D. Mo. Feb. 17, 2006) (finding any claim the plaintiff had against the city or officer based on the improper inventory of plaintiff's personal belongings does not state a claim under § 1983 because plaintiff had an adequate state court remedy in an action for custodial negligence causing the loss of property or unlawful conversion).

Plaintiff's only claim here is that an officer stole $35 out of his wallet during the inventory process (Doc. 1 at ¶24). Any § 1983 claim Plaintiff has against an individual for theft of his personal property is barred because plaintiff has an adequate state court remedy for conversion. Thus, Plaintiff's claim for the theft of $35 can properly be pursued in state court and is dismissed.

### C. Plaintiff's Motion to Disqualify is denied.

Plaintiff also moves the Court to disqualify itself based on its alleged demonstration of bias and prejudice toward the Plaintiff. Because the court's impartiality and fairness cannot reasonably be questioned here, Plaintiff's Motion to Disqualify is denied.

A federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Impartiality is "evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The test for recusal is "whether the judge's

5

impartiality might reasonably be questioned by the average person on the street who knows all of the relevant facts of a case." *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002).

Plaintiff argues the Court has shown bias and prejudice against him by releasing defendants Robert George, Rick Batson, and the FBI from this lawsuit (Doc. 58 at ¶ 3, 7, 10, 11). As a preliminary matter, the Court notes that prior to this ruling, the Court had dismissed only Robert George and the FBI, not Rick Batson, from this case (Doc. 23). Plaintiff, however, has offered no evidence that any rulings that may have been made against him have lacked a sufficient legal basis. Thus, Plaintiff's Motion to Disqualify is DENIED.

## Conclusion

For the reasons stated herein, the Defendants' Supplemental Motion for Summary Judgment is GRANTED. The Defendants have shown that Plaintiff's § 1983 claim against Defendants City of Aurora and Batson lacks an underlying constitutional violation and that Plaintiff's § 1983 claim for stolen personal property is barred by an adequate state remedy. In addition, because the Court's impartiality cannot reasonably be questioned, Plaintiff's Motion to Disqualify is DENIED.

**IT IS SO ORDERED.**

Dated: February 17, 2012    /s/ Greg Kays
  GREG KAYS,
  UNITED STATES DISTRICT JUDGE